# EXHIBIT A

FILED - 5/13/2020 5:04 PM
2020-DCL-02211 / 42963019
ELVIRA S. ORTIZ
Cameron County District Clerk
By Viviana Fuentes Deputy Clerk

CAUSE NO. __2020-DCL-02211__

| | | |
|---|---|---|
| LEE ROY HERNANDEZ | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | Cameron County - 444th District Cou |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GROENDYKE TRANSPORT, | § | |
| INC., and RYAN DUANE WELLS | § | |
| *Defendants* | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## REQUEST FOR DISCLOSURE, REQUESTS
## FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES PLAINTIFF, LEE ROY HERNANDEZ,** complaining of and about

**GROENDYKE TRANSPORT, INC. and RYAN DUANE WELLS,** hereinafter called

Defendants, and for cause of action show unto the Court the following:

**1.**
### DISCOVERY CONTROL PLAN LEVEL

1.1    Discovery shall be conducted under Level 3 pursuant to Rule 190.4 of the Texas

Rules of Civil Procedure.

**2.**
### DISCOVERY INCLUDED

2.1    This Petition includes Plaintiff's Request for Disclosure, Interrogatories, Requests

for Admission, and Requests for Production to all Defendants.

**3.**
**PARTIES AND SERVICE**

3.1    At all times relevant hereto, Plaintiff, LEE ROY HERNANDEZ, is a citizen of Harlingen, Cameron County, Texas.    Plaintiff has a justiciable interest in the matters in controversy in this litigation.

3.2    Defendant, Ryan Duane Wells, is an Individual who is believed to be a resident of the State of Texas.    Said Defendant may be served with process at his home at the following address: 207 South James Street Apt. D, Spearman, Texas, 79081-2822.    Service of said Defendant as described above can be effected by personal delivery.

3.3    Defendant, Groendyke Transport Inc., is a Foreign Company stationed in Oklahoma and is organized under the laws of the State of Oklahoma.    Service of process on the Defendant may be effected pursuant to Article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS, INC. , at 211 E. 7TH Street, Suite 620, Austin, Texas, 78701.    Service of said Defendant as described above can be effected by certified mail.

**4.**
**JURISDICTION AND VENUE**

4.1    The subject matter in controversy is within the jurisdictional limits of this court.

4.2    Venue in Cameron County is proper in this cause under Section 15.002(a)(4) of the Texas Civil Practice and Remedies Code because it the county of the plaintiff resided at the time of the accrual of the cause of action.

**5.**
**FACTUAL BACKGROUND**

<u>The Collision</u>

5.1     This lawsuit concerns a severe motor vehicle collision which occurred on May 30, 2018.   The collision occurred between a two 18-wheeler commercial vehicles, one driven by the Plaintiff, and the other driven by Ryan Wells, under the authority and control of Defendant, Groendyke Transport, Inc.   This collision occurred in the parking lot of Love's Truck Stop located in Midlothian, Texas.

5.2     Prior to the collision, Plaintiff, Lee Roy Hernandez, was parked in the overnight parking area at the Love's Truck Stop.   The incident ensued when Defendant Wells was backing up his tractor trailer into the parking spot to the left of Plaintiff's tractor trailer.   Defendant Wells failed to back up safely and violently hit Plaintiff's rig.

5.3     At all times herein, Plaintiff was lawfully parked, exercising ordinary care for his safety and the safety of others.

<u>The Injuries</u>

5.4     Plaintiff, Hernandez, suffered physical and emotional injuries as a result of this collision including, but not limited to, injuries to his neck, back, pelvis, left leg, headaches and insomnia.   He has suffered severe injuries to his body as a result of the injuries sustained in this vehicular collision.   He is still treating for these conditions and in all probability, Mr. Hernandez will continue to incur medical expenses in the future to alleviate his pain.

<u>The Employment Relationship Between the Defendants and</u>
<u>The Resulting Vicarious Liability</u>

5.5     At the time of the collision, which is the subject of this cause of action, and at all other relevant times, RYAN WELLS was an employee of GROENDYKE TRANSPORT, INC., who was acting within the course and scope of his employment.  In this regard, RYAN WELLS was an employee insofar as the master-servant relationship under common law is concerned.

5.6     Alternatively, and at all relevant times herein, RYAN WELLS was a "statutory employee" under the statutory employee doctrine.  In this regard, an interstate motor carrier (such as GROENDYKE TRANSPORT, INC.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997).  As a result, Defendant had exclusive control of the tractor trailer which RYAN WELLS was operating and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000).  As a result, GROENDYKE TRANSPORT, INC., is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of GROENDYKE TRANSPORT, INC.

5.7     Alternatively, Defendant, GROENDYKE TRANSPORT, INC., is vicariously liable with respect to all negligence of RYAN WELLS under the traditional common-law doctrines of the master-servant relationship and *respondeat superior.*

### 6.
### CAUSE OF ACTION AGAINST RYAN WELLS

**A.    NEGLIGENCE**

6.1    Defendant, GROENDYKE TRANSPORT, INC. is the responsible party defendant for the actions of its employee, RYAN WELLS, acting within the course and scope of his employment.

6.2    Under the doctrine of *respondeat superior*, Defendant, GROENDYKE TRANSPORT, INC., is vicariously liable for the actions of its employee, RYAN WELLS, while in the course and scope of his employment. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant in one or more of the following particulars:

(a)    In that RYAN WELLS backed without safety;

(b)    In that Defendant, RYAN WELLS failed to drive at a speed that is reasonable and prudent under the circumstances in violation of §545.062 of the Texas Transportation Code;

(c)    In that RYAN WELLS failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

(d)    In that RYAN WELLS failed to apply his brakes to his motor vehicle in a timely and prudent manner;

(e)    In placing Plaintiff in a position of peril due to RYAN WELLS's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

(f)    In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

(g)    In failing to use the tractor trailer's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

(h)    Operated his vehicle in violation of hours of service regulation, 49 C.F.R., 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

(i)    Failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

(j)    Failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

(k)    Operated his vehicle in an unsafe condition, in violation of 49 C.F.R. 396.7;

(l)    Failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R. 396.11; and/or

(m)    Drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R. 391.21 through 49 C.F.R. 391.27 and 49 C.F.R. 391.15.

6.3    Plaintiff's injuries were proximately caused by RYAN WELLS's negligent, careless and reckless disregard of said duty.

6.4    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## C.    GROSS NEGLIGENCE

6.5    The above-referenced acts and/or omissions by GROENDYKE TRANSPORT. INC.'s employee constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. RYAN WELLS was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and RYAN WELLS was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the

proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

6.6     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant's at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

6.7     Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

6.8     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**7.**
**CAUSE OF ACTION AGAINST GROENDYKE TRANSPORT, INC.**

**A. *RESPONDEAT SUPERIOR***

7.1     The Defendant, GROENDYKE TRANSPORT, INC., is liable under the doctrine of *Respondeat Superior* in that Defendant, RYAN WELLS, was operating the vehicle in the course and scope of his employment with Defendant, GROENDYKE TRANSPORT, INC., at the time of the collision.

7.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, RYAN WELLS, was within the course and scope of his employment with Defendant, GROENDYKE TRANSPORT, INC.

7.3     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, RYAN WELLS, was engaged in the furtherance of Defendant, GROENDYKE TRANSPORT, INC.'s business.

7.4     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, RYAN WELLS, was engaged in accomplishing a task for which Defendant, RYAN WELLS, was employed.

7.5     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, GROENDYKE TRANSPORT, INC.**B. NEGLIGENCE**

7.6     Defendant GROENDYKE TRANSPORT, INC. was also independently negligent in one or more of the following respects:

(a)     negligent hiring of Defendant, RYAN WELLS;
(b)     negligent entrustment of the vehicle to of Defendant, RYAN WELLS;
(c)     negligent driver qualifications;
(d)     negligent training and supervision of Defendant, RYAN WELLS;
(e)     negligent retention of Defendant, RYAN WELLS
(f)     negligent contracting; and
(g)     negligent maintenance.

7.7     As described herein, Defendant, GROENDYKE TRANSPORT, INC., was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

7.8     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

**C. GROSS NEGLIGENCE**

7.9     The above-referenced acts and/or omissions by Defendants constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, and their

actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

7.10    Defendants' acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

7.11    Defendants had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

7.12    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 8.
### EXEMPLARY DAMAGES

8.1    Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code.   The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

8.2    Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury of his peers.

## 9.
### DAMAGES FOR PLAINTIFF LEE ROY HERNANDEZ

9.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, HERNANDEZ, was caused to suffer bodily injuries, and to incur the following damages:

9.1.1   Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, HERNANDEZ for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

9.1.2   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

9.1.3   Physical pain and suffering in the past and in the future;

9.1.4   Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

9.1.5   Loss of earning capacity in the past and which, in all reasonable probability, will be suffered in the future; and

9.1.6   Mental anguish in the past and in the future.

**10.**
**PLAINTIFF'S DESIGNATION OF TRCP 47(B) & (C) MONETARY RELIEF**

10.1   Plaintiff believes that the amount of damages to which he is entitled should be determined by a jury of his peers.  However, in compliance with the Texas Rules of Civil Procedure, Plaintiff would show the Court that (1) the damages sought are within the jurisdictional limits of the Court, and (2) the monetary relief sought by the Plaintiff is more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees.  Plaintiff pleads for such relief to allow the jury the necessary discretion to award damages in the amount it sees fit.

**11.**
**REQUEST FOR DISCLOSURES TO ALL DEFENDANTS**

11.1   Pursuant to Rule 194, you are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2(a)-(l) at the address of the attorney for Plaintiff. Further, pursuant to Rule 190, you are requested to disclose, within 50 days after service of this request, the information or material described in Rule 190.2(b)(6) at the address of the attorney for Plaintiff.

## 12.
### REQUESTS FOR INTERROGATORIES AND PRODUCTION TO
### GROENDYKE TRANSPORT, INC.

12.1   Plaintiff propounds the following Interrogatories pursuant to Rule 197 and Requests for Production pursuant to Rule 196 of the Texas Rules of Civil Procedure. You are instructed to answer the following Interrogatories separately, fully, and under oath if required by Rule 197.2 Answers are due to Plaintiff's counsel's address within 50 days from service of these Interrogatories. Demand is made that you supplement your answers to these Interrogatories as required by Rule 193.5. You are further instructed to produce or permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney. Responses are due within 50 days of service of these Requests for Production. You are asked to supplement your responses as required under the Rules.

*Interrogatories*

(1)   Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of the person answering these interrogatories.

(2)   Please state the name(s) of the registered owner(s) of the tractor trailer that RYAN WELLS was operating on May 30, 2018 and if it was being operated under a lease or contract with any other motor carrier or motor carrier services broker? If so, please state with whom or from whom the tractor trailer was leased and signify whether any lease agreement exists in writing.

(3)   Identify RYAN WELLS's employer on May 30, 2018, whether the Defendant driver was in the course and scope of his employment when the wreck occurred and by whom he was being compensated; how he was being compensated (i.e. by

(9)     Please state the Defendant business' full and correct legal business name, the exact function of the business entity and how does is it relate to the tractor trailer operated by RYAN WELLS on May 30, 2018, the date of formation, the state in which it is formed, the exact location of principal offices of the business, the location of any main local offices, the major business of the entity, the type and nature of the business performed by the business entity, and the name and addresses of its principal officers, directors and/or partners.

(10)    Other than the police report, does the Defendant have in its possession any written or oral statements made by the Plaintiff, RYAN WELLS or anyone having first hand knowledge of the events that are the subject of this lawsuit, including but not limited to: recorded statements; written statements; and/or post-accident report(s) submitted to insurance carrier or employer?

(11)    Are you aware of any conversations RYAN WELLS had with the Plaintiff or any other party or witness to this accident. Specify as best as possible what each person said.

(12)    State the name, address and telephone number of the person or company responsible for performing regular maintenance and/or repairs on the tractor operated by RYAN WELLS, on May 30, 2018 .

(14)    Describe in detail what injuries, if any, RYAN WELLS received in the collision. If he filed any worker's compensation claims for injuries allegedly suffered in the accident in question, describe his claimed injuries, give the name of the worker's compensation company involved in his claim, tell when and where he filed his claim and the name and address of the lawyer, if any, who is assisting RYAN WELLS in the claim.

(15)    Please state whether the Defendant company ever had or currently has any policies, procedures, or guidelines, written or oral, in effect (a) as of date of hire or (b) at the time of the answering of these Interrogatories relating to the hiring of tractor trailer drivers such as the Defendant driver who were seeking employment with the Defendant company and/or its parent or partner entities. If so, please set forth the following information:

(a)     A full and complete description of the policy including minimum hiring criteria and     driver qualification requirements.

(b)     The name, address, and job title of the person or persons responsible for ensuring     that tractor trailer drivers seeking employment with the Defendant company met     such policy or hiring criteria.

(c)     Identify any document relating to the policy or hiring criteria and the name of the   address of the custodian.

(d)     Please explain your policy regarding the frequency and method(s) of supervision   of a driver such as RYAN WELLS.

(e)     Please list the names and/or types of employment manuals, policy manuals, safety      manuals, training manuals and any other manual given to RYAN WELLS during his   employment with you.

(f)     As to each motor vehicle accident RYAN WELLS has been involved in and each traffic      violation for which he has either paid a fine or attended a school in lieu of a fine for      the last seven years, give the following information as required to be kept: a) Where      it occurred (State, City, county, Court). b) When it occurred (Month, Day, Year).

(g)     All injuries claimed and when and where any claims or suits were filed. d) Final   disposition or current status of each traffic violation and accident.

(16)    Does the Defendant know whether RYAN WELLS had any felony convictions prior to May 30, 2018 (not exceeding 10 years from date of prison release). If so, please enumerate each conviction with its respective year and place/county/state of disposition.

(17)    Was a drug or alcohol test administered within 24-hours of the collision in question? If so, what was the result of each test? If one was not administered, please state the reason.

(18)    Has the tractor trailer involved in the accident made the basis of this suit been involved in any other motor vehicle accidents prior to the accident of May 30, 2018?

(19)    Please explain in detail the route that the Defendant driver was taking at the time of the occurrence made basis of this suit. Include both the site from which the Defendant driver was driving and the destination of the Defendant driver, and whether the route taken by the Defendant driver was the route recommended by the Defendant company.

(20)    With respect to the tractor trailer driven by the Defendant driver on the date of the incident made basis of this suit, give the complete configuration (including at least the following information):

(a)     Style of tractor trailer;
(b)     Weight of tractor trailer;
(c)     Empty weight of tractor trailer;
(d)     What contents the load comprised at the time of the accident;

(e)     The weight of the load at the time of the accident;

(f)     Length, width, and height of the tractor trailer in question;

(g)     Licenses held for the tractor trailer;

(h)     The make, model, and horsepower of the engine of the tractor trailer in question;

(i)     The make, model and gear ratio of the rear-end of the tractor trailer in question;

(j)     The make and model of the transmission of the tractor trailer in question;

(k)     The make, model and type of the axels of the tractor trailer in question;

(l)     The speed potential of the tractor trailer configuration;

(m)     The maximum weight recommended to be carried in the tractor trailer in question;

(n)     The make(s), model(s) and type(s) of all the brakes located on the tractor trailer;

(o)     The types of seats installed in the cab of the tractor trailer in question;

(p)     The makes and sizes of all the tires on the tractor trailer in question and the mileage     on the steering tires;

(q)     All changes from the original configuration (an explanation as to why each was     changed);

(r)     The name, street address, and telephone number of the individual or company from     which the tractor trailer in question was purchased; and

(s)     The make and model of each of the following that may have been on-board the     tractor trailer in question at the time of the accident, to wit:

(1)     Radar detector;

(2)     Fax machine;

(3)     Telephone;

(4)     Beeper;

(5)     Tachometer;

(6)     Computer;

(7)     Black box (ECM/DDEC, etc.);

(8)     Satellite tracking device (e.g. QUALCOM);

(9)     Sound system;

(10)    video cameras; and

(11)    CB Radio.

*Documents to be Produced*

(1)     A copy of RYAN WELLS's driver's license.

(2)     A copy of the written records of RYAN WELLS's <u>qualification file</u>, as required to be kept by **Groendyke Transport, Inc.**, pursuant to Title 49 Code of Federal Regulation §391.51. (Period Required by Law: Length of Employment and Three years thereafter).

(3)     A copy of the written record of RYAN WELLS's application for employment, as required to be kept by **Groendyke Transport, Inc.** , pursuant to Title 49, Code of Federal Regulations §§ 391.21 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

(4)     A copy of the written record of RYAN WELLS's past employers who were contacted prior to hiring and a copy of the response by each State agency involving investigations and inquiries, as required to be kept by **Groendyke Transport, Inc.,** pursuant to Title 49, Code of Federal Regulations §§ 391.23 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

(5)     A copy of the written record of RYAN WELLS's driving and written road test and scores issued to the driver pursuant to Title 49, Code of Federal Regulations § 391.31(e), or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test pursuant to §391.33, as required  to be kept by **Groendyke Transport, Inc.**

(6)     A copy of the written record of each State agency response to RYAN WELLS's annual driver record inquiry, as required to be kept by **Groendyke Transport, Inc.,** under Title 49, Code of Federal Regulations §391.25 (a).  (Period Required by Law: Three years after date of Execution).

(7)     A copy of the written record of RYAN WELLS's annual review as required to be kept by **Groendyke Transport, Inc.** under Title 49, Code of Federal Regulations§ 391.25(c)(2).  (Period Required by Law: Three years after date of Execution).

(8)     A copy of the written record of RYAN WELLS's violation of motor vehicle laws and ordinances, as required to be kept by **Groendyke Transport, Inc.** under Title 49, Code of Federal Regulations§ 391.27.  (Period Required by Law: Three years after date of execution).

(9)     A copy of RYAN WELLS's vehicle daily inspection reports of the tractor trailer he was driving on May 30, 2018, as required to be kept by **Groendyke Transport, Inc.** under Title 49, Code of Federal Regulations §396.11(c)(2).

(10)    A copy of the written record of RYAN WELLS's medical examiner's certificate to drive commercial motor vehicles, as required to be kept by**, Groendyke Transport, Inc.** under Title 49, Code of Federal Regulations §391.43(f).

(11)    A copy of the written record of any controlled substance or alcohol misuse by RYAN WELLS as required to be kept by **Groendyke Transport, Inc.** under Title 49, Code of Federal Regulations § 382.401(a).

(12)   Any records or documentation (medical or non-medical) concerning RYAN WELLS that would indicate whether RYAN WELLS was using alcohol and/or drugs (including prescription or non-prescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

(13)   Any records or documentation (medical or non-medical) concerning RYAN WELLS that would indicate that  RYAN WELLS had alcohol and/or drugs (including prescription or non-prescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

(14)   Any records or documentation (medical or non-medical) that would indicate that RYAN WELLS was a user of any illegal substance(s) within three (3) years preceding the collision in question.

(15)   Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by RYAN WELLS relating to his employment with your company for the period three (3) years prior to the day of the collision, which is the subject of this lawsuit, and up to the present day.

(16)   Please provide RYAN WELLS's training record.

(17)   Please provide all materials used by you to train RYAN WELLS including, but not limited to, all manuals, videotapes, seminar materials and pamphlets.

(18)   Please provide all receipts signed by RYAN WELLS evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

(19)   Please provide all books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

(20)   Please provide all receipts signed by RYAN WELLS evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

(21)   Please provide all materials, letters, manuals, and/or memorandums describing the company's policy regarding the supervision and retention of its employees, including but not limited to any grading system used to keep track of employee performance (i.e.: ride-along; points systems; shadowing driver; following driver; complaint telephone numbers).

(22)   Please provide any documentation concerning RYAN WELLS involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

(23)   Please provide any cell phone bills that would show whether or not RYAN WELLS was using a cell phone on May 30, 2018. This request includes, but is not limited to, cell phone bills for the day of the wreck.

(24)   Please provide any and all documents related to RYAN WELLS's employment as a driver, including but not limited to log books, trip sheets/reports, fuel tax records, gross receipt tax records, federal use tax records, state permits, fuel receipts, work orders, bills of lading, com. card receipts, expense sheets/records and any other documents that would show RYAN WELLS's trip movements for May 30, 2018 and ten (10) days prior.

(25)   Please provide any documentation evidencing the cargo being transported on May 30, 2018 the owner, destination and delivery due date of said cargo, including but not limited to bill(s) of lading.

(26)   Please provide any all contract carrier permits issued to you by the Interstate Commerce Commission which were in effect at the time of the May 30, 2018 collision.

(27)   Please provide a copy of the title and registration of the tractor trailer driven by RYAN WELLS that is the subject of this lawsuit.

(28)   Please provide documentation evidencing **Groendyke Transport, Inc.'s** ownership of the tractor trailer operated by RYAN WELLS on May 30, 2018, which is the subject of this lawsuit.

(29)   A copy of the <u>Inspection, Repair and Maintenance</u> of the tractor trailer operated by RYAN WELLS on May 30, 2018, under Title 49, Code of Federal Regulations § 396.3(a)(b)&(c).

(30)   Please provide all MCS 64 forms issued on the tractor trailer operated by RYAN WELLS that is the subject of this lawsuit, for the period six months prior to May 30, 2018 and six months after.

(31)   Please provide all MCS 63 forms issued on the tractor trailer operated by RYAN WELLS that is the subject of this lawsuit, for the period six months prior to May 30, 2018 and six months after.

(32)   Please provide a copy of the complete insurance policy pertaining to the May 30, 2018 claims made the basis of this suit.  This request is for the policy in its entirety not just the declaration's page.

(33)   Please produce a complete copy of all insurance policies, including liability, general liability, excess umbrella, and any other insurance providing coverage for

the May 30, 2018 claims made the basis of this suit. This request is for the policies in their entirety not just the declaration's page.

(34) Please produce the MCS-90 Endorsement(s) attached to any liability policy(ies) for the May 30, 2018 claims made the basis of this suit. As required under 49 C.F.R. §387.15.

(35) All citations or warnings issued by any governmental agency dating one year prior to May 30, 2018, for the tractor trailer driven by RYAN WELLS which is the subject of this lawsuit, regardless of whether RYAN WELLS was driving the tractor trailer when the citation or warning was issued.

(36) Please provide all documents and tangible things that comprise, reflect, or relate in any way to any repairs or maintenance made at any time on the tractor operated by RYAN WELLS for the period of three (3) years prior to the date of accident, May 30, 2018, and up to the present day; including but not limited to maintenance log book(s) and repair log book(s).

(37) All repair orders, repair receipts, and repair estimates for the tractor trailer operated by RYAN WELLS for the period of three (3) years prior to the date of accident, May 30, 2018, and up to the present day.

(38) All documents which refer or relate to the property damage, including estimates or appraisals and photographs, of the motor vehicles involved in the collision made the basis of this lawsuit.

(39) Any and all photographs or videos in your possession which depict any and all of the motor vehicles involved in the collision which is the subject of this lawsuit, including, but not limited to the vehicle driven by the Plaintiff and those of the tractor trailer which was driven by RYAN WELLS (pre-collision photographs and post-collision photographs). Please supply 8" x 10" photographs.

(40) Copies of any and all statements in Defendant's possession of any person having knowledge of relevant facts concerning the subject matter of this lawsuit, including any written statement and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person with relevant facts hereto and contemporaneously recorded.

(41) Please provide all documents which constitute any and all communication or correspondence between **Groendyke Transport, Inc.** and your liability insurance carrier or its employees (including, but not limited to, any and all correspondence between you and your liability insurance carrier which you sent or received) between May 30, 2018 and the day on which you or your liability insurance carrier were notified that Plaintiff was represented by legal counsel.

(42)     Please provide all investigation notes, reports, and correspondence which refer to any aspect of the May 30, 2018 collision made the basis of this claim before notice of this suit was received.

(43)     Please provide all letters, memorandums, and other written correspondence which was sent by **Groendyke Transport, Inc.** to any and all employees, agents or representatives of your liability insurance carrier or which was received by you from any and all employees, agents, or representatives of you liability insurance carrier and which are not privileged under the Texas Rules of Civil Procedure.

(44)     Please provide all taped or audio recordings made of conversations or conferences (telephonic or face-to-fact) between **Groendyke Transport, Inc.** and any and all employees, agents or representatives of your liability insurance carrier, same which your company has a superior right to obtain from your liability insurance carrier, and same which are not privileged under the Texas Rules of Civil Procedure.

(45)     Please provide the recording of the mechanism installed on the tractor trailer that records and documents the time of use/non-use and/or speed of the tractor trailer which is sometimes commonly referred to as a "TAC graph" or "TAC readout."

(46)     Please provide all photographs of the scene of the collision in your possession.

(47)     Please provide all permits or other documents which authorize **Groendyke Transport, Inc.** to operate as a Motor Carrier at the time of the May 30, 2018 collision which were issued to you or filed by you or on your behalf with the United States Department of Transportation.

(48)     Please provide all permits or other documents which authorize the transportation of the tractor trailer being operated by RYAN WELLS at the time of May 30, 2018 collision, which were issued by you, or filed by you or on your behalf with the United States Department of Transportation.

(49)     Please provide all records or documents which you have provided or produced to any state or federal agency pertaining to the May 30, 2018 collision made the basis of this lawsuit.

(50)     Please provide a copy of the insurance coverage and/or Declaration Page for the Defendant's vehicle in question.

(51)     Please provide a copy of any excess or umbrella policies that could potentially cover this incident.

(52)     In the event that the tractor trailer in question was not properly insured at the time of the accident in question, please provide financial statements for the last three

(3) years of the person or company that owns this trailer, specifically their "net worth."

(53)   Please provide all discoverable correspondence and other documents sent to any testifying expert.

(54)   Please provide all discoverable correspondence and other documents received from any testifying expert.

(55)   Please provide any and all statements from any witnesses that you intend to use.

(56)   Please provide a time and place for the inspection of the tractor trailer which is the subject of this lawsuit.

(57)   Please provide all and any records indicating an awareness on your part that RYAN WELLS was an unsafe driver.

(58)   Please provide all incident reports generated by RYAN WELLS or **Groendyke Transport, Inc.** relating to the collision on May 30, 2018.

(59)   Please provide Purchase order and specifications for the tractor trailer made the basis of this suit.

(60)   With regard to your tractor trailer, produce dispatch records for a period of one month prior to the wreck through one week after the wreck.

(61)   As to the Defendant company's policies, procedures and programs, produced the following documents and items relating to the following:

(a)   Fleet Safety Program including actions taken to assure that drivers are not violating the federal regulations relating to the maximum hours of work by drivers and that accurate logs are submitted by the drivers and accepted by the Defendant driver for filing, as well as the continued testing of drivers for competency and substance abuse;

(b)   Tractor trailer maintenance standards, including the standards for the parts used to maintain and repair equipment;

(c)   Employee Assistance Program and standards for being allowed to attend;

(d)   Driver standards;

(e)   Mechanical standards;

(f)   Dispatcher standards;

(g)   Driver compensation; and

(h)   Termination of drivers.

(62)   All medical records obtained by the Defendant company relating to the Plaintiffs.

(63) All time sheets, records, notes, work orders and bills for work assigned, work actually performed, and work scheduled but not performed by the Defendant driver for the month preceding the day of the incident made basis of this suit and the week after.

(64) Your complete internal investigative file compiled prior to the time that you "anticipated litigation" within the meaning of *National Tank Co, vs. Brotherton*, 851 S.W. 2d 193 (Tex. 1993), concerning the occurrence in question.

(65) The complete in-house investigation conducted by or on behalf of any Defendant, relevant to the incident in question, prior to receiving formal notice of the pending action or that such action was being filed. This request specifically includes, but is not limited to all photographs, movies, videotapes, audiotapes, reports, memoranda, correspondence, written statements and all correspondence between or with any Defendant, DPS, OSHA, DOT, ICC, NHTSA, NTSB, or any other federal, state or governmental agencies.

(66) All citations from DPS, OSHA, DOT, ICC, NTSB, NHTSA or any other federal or state agency received by this Defendant in the three-year period preceding, including, and since the date in question.

(67) Please produce all of the Defendant driver's medical records, psychological and/or mental health reports and tests for the previous five years.

(68) Personnel files of all employees or vice-principals who were responsible for the hiring, training, retention and supervision of the Defendant driver.

(69) Please provide all citations received from the State of Texas regulatory agencies (including DOT, Railroad Commission and DPS) or any federal agency relevant to motor vehicle fleet operations during the 24-month period prior to the occurrence in question.

(70) Any documents dealing with the route taken on the day of the incident in question by the Defendant driver. Include any documents or applications, approved, or not approved, relating to the Texas Department of Transportation and your authority to drive the tractor trailer on the route where the incident made basis of this suit occurred.

(71) Between May 29, 2018 and May 30, 2018

    (a) all emails sent or received by Defendant RYAN WELLS.
    (b) all text messages sent or received by Defendant RYAN WELLS.

(72) Produce the records for the cell phone(s) used by Defendant RYAN WELLS on May 30, 2018, including but not limited to the cell phone, sufficient to show the following:

(a)     The dates and times of any phone calls made or received on May 30, 2018, as well       as the outgoing and incoming phone number.

(b)     All text messages sent or received (including the complete contents of same) on        May 30, 2018.

(c)     All text messages sent or received (including the complete contents of same) between May 30, 2018 and now, that refer or relate to motor vehicle accident of May 30, 2018 and any work-related texts.

Alternatively, Defendants may produce for inspection and copying the cell phone(s) responsive to this request onat the office of counsel for Defendants, **Groendyke Transport, Inc..** and RYAN WELLS or another mutually agreeable location. Such copying shall be restricted to the areas of information listed above. The copying, testing, and analysis to be used shall be Cellebrite or similar type mobile forensic tools.

## 13.
### REQUEST FOR ADMISSIONS TO GROENDYKE TRANSPORT, INC.

13.1    Plaintiff makes the following Requests for Admission pursuant to Rule 198 of the Texas Rules of Civil Procedure. Responses are due 50 days after service of these Requests and should be made to the address of Plaintiff's attorney. You must specifically admit or deny each Request. A failure to specifically answer any Request, or an evasive answer to any Request, will be taken as an admission of truth of such Request.

(1)     Admit that the 2016 International tractor operated on May 30, 2018, was driven by **RYAN WELLS.**

(2)     Admit that at the time of the collision made the basis of the suit he was acting within the course and scope of your employment.

(3)     Admit that **RYAN WELLS** did not maintain a proper lookout at the time of the incident made the basis of the suit.

(4)     Admit that **RYAN WELLS** failed to maintain a clear and reasonable distance between the vehicles, preventing **RYAN WELLS** from coming to a safe stop at the time of the incident made the basis of the suit, thereby causing the accident.

(5)     Admit that **RYAN WELLS failed to control his speed**, thereby causing the accident made the basis of this suit.

(6)    Admit that **RYAN WELLS** was inattentive, thereby causing the accident made the basis of the suit.

(7)    Admit that **RYAN WELLS** was operating his vehicle at an unsafe speed at the time of the collision, thereby causing the accident made the basis of the suit.

(8)    Admit that **HERNANDEZ** was injured as a result direct and proximate result of **RYAN WELLS's** negligence.

(9)    Admit that **HERNANDEZ** has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of the lawsuit.

(10)    Admit that **HERNANDEZ** will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of the lawsuit.

(11)    Admit that **HERNANDEZ's** non-economic damages are as a direct result of the incident which is the subject of the lawsuit.

(12)    Admit that **HERNANDEZ** incurred damages as a direct result of the incident which is the subject of the lawsuit.

(13)    Admit that **HERNANDEZ** has incurred physical pain and suffering damages in the past and will continue to incur physical pain and suffering damages in the future.

(14)    Admit that **HERNANDEZ** has incurred lost wages and loss of earning capacity in the past and will continue to incur lost wages and loss of earning capacity in the future.

(15)    Admit that **HERNANDEZ** has suffered mental anguish in the past and in the future.

## 14.
### FIRST SET OF INTERROGATORIES TO DEFENDANT RYAN WELLS

1. Please state your full name, address, telephone number, date of birth, driver's license number and occupation.

16. Please state where you were employed on May 30, 2018, and whether you were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the normal basis for your pay from the defendant motor carrier (i.e. by the mile, by the load, by the hour, straight salary or explain the basis) and explain any deviation from the normal basis, if any, concerning the load that was involved in the accident.

16. As to the trip you were engaged at the time of the accident in question, give the following information:

      16.     The date and place the tractor left its home base to start the trip.

      b.     The places, dates and loads of each stop to pick up or deliver any load, the description and weight of each load, the names, addresses and telephone numbers of the persons and their employer who loaded the load that was involved in the accident, together with the weight of the load.

      c.     The dates, time and places the rig was stopped so that the driver(s) could rest together with the names, addresses and telephone numbers of each person who saw you and can verify your claim concerning the last stop you made prior to the accident in question.

4.     Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which the contention is based.

5.     Describe in detail any conversations you had with the Plaintiff, any other party or witness to the accident.  Specifically, please detail to the best of your recollection what each person said.

6.     Describe any physical injuries that you witnessed sustained by the Plaintiff or any other person involved in the accident.

7.     Describe any physical injuries sustained by you as a result of the accident and the names of the medical providers that have treated you for these injuries.

8.     Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded stenographically transcribed, oral or otherwise from any person. If so, please identify the individual from whom the statement was taken and the date the statement was taken.  If so, then please also indicate your willingness to allow Plaintiff to inspect and copy or photocopy the same.

9.     As to each motor vehicle accident you have been involved in and each traffic violation for which you have either: paid a fine or attended a school in lieu of a fine, give the following information: (a) Where it occurred (State, City, County, Court); (b) When it occurred (Month, Day, Year); (c)injuries claimed and when and where any claims or suits were filed; (d) Final disposition or current status of each traffic violation and accident.

19.   Identify all convictions of Defendant RYAN DUANE WELLS that occurred within the last ten (10) years. Include the following:

    a.   The date and place of conviction
    b.   The offense.
    c.   The docket number and court where the conviction occurred.
    d.   The sentence/punishment received.

20.   State whether you have ever been convicted of or pled guilty to any felony offense or misdemeanor involving moral turpitude, and whether you have ever been confined in any jail or prison. If so, please state the nature of the crime, the date of the plea or judgment, the jurisdiction in which the case was or is pending and the sentence received.

21.   Describe the make and model of each of the following items located on the truck you were operating at the time of the accident in question:

    a.   CB radio and antennas;
    b.   Radar Detector;
    c.   On board fax machine;
    d.   On board telephone;
    e.   On board beeper;
    f.   On board tachometer;
    g.   On board computer recorder.

22.   Identify each person answering these interrogatories, supplying information, or assisting in any way in the preparation of Defendant's answers to these interrogatories.

23.   Describe how you would communicate with dispatch/office and the frequency of each communication during a trip.

24.   Did you have a cell phone, iPad, tablet, or other mobile device in the vehicle with you at the time of the crash? If so, please state:

    a. The phone number for each device;
    b. The carrier for each device;
    c. What the device was (for example, was it an iPhone 7, a Samsung Galaxy, etc.);
    d. Whether you were using the device at the time of the c rash   or   the   five minutes preceding the crash; and
    e. If you were using the device at the time of the crash, or during the five minutes preceding the crash, how you were using the device (i.e., were you talking on the phone, texting, using an app, watching a video, dialing, reading a message, sending or reading an e-mail, etc.).

25.   Do you keep copies of your driving logs?
    a.   If so, for how long?
    b.   Where are they located?

c.    Do you have the logs for the period of time in which the accident in question occurred?

d.    If not, why not?

e.    Have you ever filed any falsified logs with the defendant motor carrier?

f.    Has the defendant motor carrier ever questioned the falsity of your logs?

g.    Does the defendant motor carrier care whether your logs are falsified?

h.    Is it true that the motor carrier could compare your trip receipts with your logs and find that there were variances between where and when your logs showed you to be operating as compared with where and when your trip receipts showed you to be?

15.

## REQUEST FOR PRODUCTION TO RYAN WELLS

1.   A photocopy of Defendant's Driver's License, temporary license, and/or permit to operate a motor vehicle in the State of Texas.

16.    A photocopy of all insurance coverage(s) and Declaration Page(s) for all of the Defendant's vehicles, including the one in question.

16.    A photocopy of any excess or umbrella policies that could potentially cover the incident.

4.    A copy of all photographs taken of Defendant's and/or Plaintiff's vehicle after the accident by the Defendant's insurance company, any of its representatives or by the Defendant personally.

5.    A copy of all repair estimates and/or repair invoices for Defendant's and/or Plaintiff's vehicle.

6.    All photographs taken in connection with Plaintiff's causes of action in the possession, constructive possession, custody or control of RYAN DUANE WELLS'S attorney, Defendant's insurance company and/or anyone acting on RYAN DUANE WELLS'S behalf.

7.    All written statements made by RYAN DUANE WELLS, in the possession, constructive possession, custody or control of RYAN DUANE WELLS, RYAN DUANE WELLS'S attorney or anyone acting on RYAN DUANE WELLS'S behalf relating to the subject collision.

8.    All oral statements made by RYAN DUANE WELLS, which were either recorded or taped on any electronic device or recorder which are in the possession, constructive possession, custody or control of RYAN DUANE WELLS, RYAN DUANE WELLS'S attorney, Defendant's insurance company and/or anyone acting on RYAN DUANE WELLS'S behalf relating to the subject collision.

9.     A curriculum vitae or resume for any and all consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

10.    The curriculum vitae and reports prepared by any testifying experts in conjunction with the case.

11.    Any and all drawings, photographs, maps, or sketches of the scene of the accident which has made the basis of the suit.

12.    A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

13.    A copy of any surveillance movies, photos, etc. of Plaintiffs in Defendant's possession.

14.    A list of the names and addresses of witnesses with knowledge of facts relating to the collision.

15.    A copy of your cell phone bill for the month of May 2018.

16.    Any statement by Defendant, recorded or as otherwise defined in Tex. R. Civ. P. 192.3(h) that you have provided to any other person or agency (other than privileged communications with your attorney) in connection or relation with the incident made the subject of this lawsuit.

17.    Any and all statements by any person with knowledge of relevant facts, as defined in Tex. R. Civ. P. 192.3(h) in connection with the incident made the subject of this lawsuit.

18.    Please produce a copy of any records of any conviction or guilty plea for any criminal offense described in your answers to interrogatories in this lawsuit.

19.    Any and all documents or tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by an expert or for an expert in the anticipation of the expert's trial and/or deposition testimony.

20.    Any and all documents or tangible things, which form the basis, either in whole or in part, of the opinion of any expert who will or may give deposition and/or trial testimony herein.

21.    Any and all documents, including tangible reports, physical models, compilations of data, calculations, all factual observations, tests, supporting data, photographs, and other materials in your possession, custody or control, which have been prepared by a consulting expert, if the consulting expert's opinions and impressions have been reviewed by a testifying expert. In the event that there is an expert witness about which you have

knowledge, but cannot positively aver that such witness will not testify, then this Plaintiffs requests that that factual observations, tests, supporting data, calculations, photographs and opinions of each expert be recorded and reduced to a tangible form and provided to the Plaintiff.

22.     All treatises, rules, guidelines, statutes, policies or procedures, or any other authoritative materials reviewed by any consulting expert whose opinions, mental impressions, or work product were reviewed by a testifying expert.

23.     Any and all correspondence between your attorney and any expert who may be called to testify as a witness in this case, or between your attorney and any experts who will not testify as a witness, but whose opinions and impressions have been reviewed by an expert who may testify in this case.

24.     Any and all investigation reports prepared by Defendant or at Defendant's direction, or on Defendant's behalf, and not protected by any privilege.

25.     Any and all news media, including print, radio, television, or internet articles or information, pertaining to the incident made the basis of this lawsuit.

26.     Any and all written and/or recorded statements of any Plaintiff and/or Defendant, or their agents, servants, employees or other representatives regarding the incident made the basis of this suit and alleged injuries and damages resulting therefrom.

27.     Any and all non-privileged communications between Defendant and any third party related to the claims made in this lawsuit.

28.     Any and all documents which refute, or support, Plaintiff's contention that RYAN DUANE WELLS was negligent in the operation of the vehicle Defendant was driving when the subject collision occurred.

29.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered past and will suffer future physical pain and mental anguish as a result of the incident made the basis of this lawsuit.

30.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered past and will suffer future physical impairment as a result of the incident made the basis of this lawsuit.

31.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered lost wages and/or loss of earnings as a result of the incident made the basis of this lawsuit.

32.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff will suffer lost earning capacity as a result of the incident made the basis of this lawsuit.

33.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff will incur future medical expenses as a result of the incident made the basis of this lawsuit.

34.     Any and all documents which refute, or support, that the medical expenses Plaintiff incurred as a result of the collision were reasonable in the localities in which they were incurred.

35.     Copies in your possession of the following:

        a.        Application for employment;
        b.        Qualification file;
        c.        Written record of past employers
        d.        Driving and written road test and scores;
        e.        Annual driving record inquiries;
        f.        Violations of motor vehicle laws and ordinances; and
        g.        Daily inspection reports of the tractor truck you were driving on May 30, 2018.

36.     A copy of the written record of Ryan Duane Wells's medical examiner's certificate to drive commercial motor vehicles.

37.     Any records or documentation (medical or non-medical) concerning Ryan Duane Wells, that would indicate whether Ryan Duane Wells, was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

38.     Please provide all books, pamphlets, memorandum, letter, or other documents containing the defendant motor carrier's policies.

39.     Please provide any and all documents related to Ryan Duane Wells' employment as a driver, including but not limited to log books, trip sheets/reports, fuel tax records, gross receipt tax records, federal use tax records, state permits, fuel receipts, work orders, bills of lading, com. Card receipts, expense sheets/records and any other documents that would show Ryan Duane Wells' trip movements for May 30, 2018, and 6 months prior.

40.     Please provide your Pre-employment Screening records (PSP) available to all commercial drivers via the PSP Portal on the Federal Motor Carrier Safety Administration website.

41.     Kindly product the following records:

        16.        Between May 1, 2018 and May 30, 2018, all emails sent or received by Defendant Ryan Duane Wells

b.      Between May 1, 2018 and May 30, 2018, all text messages sent or received by Defendant Ryan Duane Wells

c.      Produce the ESI for the cell phone(s) used by Defendant Ryan Duane Wells, on May 30, 2018, including but not limited to the cell phone, sufficient to show the following:

16. The dates and times of any phone calls made or received on May 30, 2018, as well as the outgoing and incoming phone number.

ii. All text messages sent or received (including the complete contents of same) on May 30, 2018; and

iii. All text messages sent or received (including the complete contents of same) May 1, 2018 and May 30, 2018, that refer or relate to motor vehicle accident of May 30, 2018, and any work-related texts. Alternatively, Defendants may produce for inspection and copying the cell phone(s) responsive to this request on May 30, 2018, at the office of counsel for Defendants.

## 16.
### REQUEST FOR ADMISSIONS TO RYAN DUANE WELLS

1.  Admit or deny that RYAN DUANE WELLS was the driver of the subject tractor truck that was involved in the subject collision with the Plaintiff on May 30, 2018.

2.  Admit or deny that at the time of the collision made the basis of the suit you were acting within the course and scope of your employment.

3.  Admit or deny that RYAN DUANE WELLS did not maintain a proper lookout at the time of the incident made the basis of the suit.

4.  Admit or deny that RYAN DUANE WELLS backed without safety immediately prior to the subject collision.

5.  Admit or deny that RYAN DUANE WELLS was operating his vehicle at an unsafe speed at the time of the collision, thereby causing the accident made the basis of the suit.

6.  Admit or deny that RYAN DUANE WELLS failed to apply his brakes at the time of the incident made the basis of this suit and caused the accident.

6.  Admit or deny that RYAN DUANE WELLS failed to maintain a clear and reasonable distance between the vehicles.

7.  Admit or deny that Plaintiff was injured as a result direct and proximate result of RYAN DUANE WELLS's negligence.

9.  Admit or deny that Plaintiff has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of this lawsuit.

10. Admit or deny that Plaintiff will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of this lawsuit.

11. Admit or deny that Plaintiff's non-economic damages are as a direct result of the incident which is the subject of the lawsuit.

12. Admit or deny that Plaintiff incurred damages as a direct result of the incident which is the subject of this lawsuit.

13. Admit or deny that Plaintiff has incurred physical pain and suffering damages in the past and will continue to incur physical pain and suffering damages in the future.

14. Admit or deny that Plaintiff has incurred lost wages and loss of earning capacity in the past and will continue to incur lost wages and loss of earning capacity in the future.

15. Admit or deny that Plaintiff has suffered mental anguish in the past and in the future as a result of the subject collision.

16. Admit or deny that Defendant RYAN DUANE WELLS's negligence was the sole cause of the subject collision.

17. Admit or deny that Defendant RYAN DUANE WELLS rear-ended the Plaintiff's vehicle.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff HERNANDEZ, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF JAVIER VILLARREAL, PLLC**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877

By:   */s/ Javier Villarreal*
      Javier Villarreal
      State Bar No. 24028097

      Leslie Lockhart
      State Bar No. 24036980

**COUNSEL FOR PLAINTIFF**

**PLAINTIFF DEMANDS A TRIAL BY JURY**