IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE ROY HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-0108-D |
| VS. | § | |
| | § | |
| GROENDYKE TRANSPORT, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a motor vehicle collision, plaintiff Lee Roy Hernandez ("Hernandez") moves to extend all scheduling order deadlines pursuant to Fed. R. Civ. P. 16(b)(4). Defendant Groendyke Transport, Inc. ("Groendyke") opposes the motion.[1] For the reasons that follow, the court denies the motion.[2]

I

Hernandez filed this lawsuit in state court on May 13, 2020, alleging, *inter alia*,

---

[1]On February 16, 2022 Hernandez and Groendyke filed a joint motion for leave to extend deadlines. Once the parties comply with N.D. Tex. Civ. R. 7.1(c) and submit a proposed order, the court will grant that motion. But the February 16, 2022 joint motion does not moot the instant opposed motion. *See* Jt. Mot. for Leave to Extend (ECF No. 52) at 3 (stating that Hernandez "does not waive or withdraw his previous request for relief"). The court will therefore decide the opposed motion despite the filing of the joint motion.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

claims for negligence and gross negligence against Groendyke. Groendyke timely removed the case based on diversity of citizenship. On February 23, 2021 the court entered a scheduling order that established the following relevant deadlines: designation of expert witnesses by October 15, 2021; designation of rebuttal expert witnesses by November 16, 2021; and completion of discovery by January 19, 2022. Following the parties' agreed motion to modify the scheduling order, the court entered an amended scheduling order on October 12, 2021 that modified the relevant deadlines as follows: designation of expert witnesses by December 17, 2021; designation of rebuttal expert witnesses by January 18, 2022; and completion of discovery by February 18, 2022. This case is set for trial on the two-week docket of June 6, 2022.

Hernandez now moves to extend all scheduling order deadlines to allow for additional discovery, the designation of expert witnesses, and the parties potentially to continue to engage in mediation. Groendyke opposes the motion, arguing, *inter alia*, that Hernandez has failed to show good cause for the requested extension and that the requested extension would not afford the court adequate time to evaluate pretrial motions prior to the June trial setting. The court is deciding this motion on the briefs.

II

Rule 16(b)(4) governs a party's request to modify a scheduling order. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id.* To meet the good cause standard, Hernandez must show that, despite

- 2 -

his diligence, he could not reasonably have met the scheduling order deadline.  *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).  "Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish 'good cause.'"  *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

"In determining whether the movant has met [his] burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice."  *Cartier*, 2009 WL 614820, at *3 (citing *S&W Enters.*, 315 F.3d at 536).

III

Considering the four factors holistically, *see EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012), the court concludes that Hernandez has not met his burden under Rule 16(b)(4).

Hernandez does not discuss the importance of the requested relief, the potential prejudice in granting relief, or the availability of a continuance to cure such prejudice in his motion.  But even assuming *arguendo* that Hernandez's requested relief is important and that Groendyke either will not be prejudiced or that any prejudice can be cured by continuing applicable deadlines, Hernandez has failed to demonstrate that, despite his diligence, he could not reasonably have met the scheduling deadlines.  *See, e.g., Mallory v. Lease*

- 3 -

*Supervisors, LLC*, 2019 WL 3253364, at *4 (N.D. Tex. July 19, 2019) (Fitzwater, J.)

("Courts deny motions to amend the scheduling order when the moving party fails to

demonstrate that, despite [his] diligence, [he] could not have reasonably met the scheduling

deadline." (quoting *Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *3 (N.D. Tex. Aug.

7, 2015) (Fitzwater, J.)).  As this court has previously explained:

> [i]f the absence of undue prejudice or the availability of a
> continuance to cure such prejudice were alone determinative, the
> Rule 16(b)(4) standard would not be one of "good cause"; it
> would be an "absence of incurable prejudice" standard.  A
> moving party who, for example, had shown a complete lack of
> diligence and who undoubtedly could reasonably have met the
> scheduling deadline would still be able to obtain an amended
> scheduling order merely by demonstrating that the opposing
> party would not be prejudiced.  But the standard is "good
> cause," and the good cause standard focuses on the diligence of
> the party seeking to modify the scheduling order.

*Matamoros*, 2015 WL 4713201, at *3; *see also Serv. Temps*, 2009 WL 3294863, at *3

(stating that the court must "remember[] at all times that the good cause inquiry focuses on

the diligence of the party seeking to modify the scheduling order[,]" and finding that the

movant had failed to satisfy the good cause standard of Rule 16(b)(4) where it had not

provided plausible explanation for its delay, and that this failure to provide plausible

explanation outweighed the other factors in the court's analysis).

Hernandez has not demonstrated that he acted diligently to meet the scheduling order

deadlines.  In Hernandez's three-page motion, he asserts that "diligence has been exercised

to meet the current scheduling deadlines," but "requests additional time to complete written

discovery, retain/designate expert witnesses, and conduct expert and/or non-retained expert

- 4 -

depositions."  P. Mot. to Extend (ECF No. 48) at 3.  He also requests additional time for the parties to attempt to resolve this matter through mediation.  *Id.*  These conclusory statements do not explain what actions Hernandez has taken to meet the scheduling order deadlines and why, despite these actions, the deadlines could not reasonably have been met.  The court finds that Hernandez has failed to demonstrate that he acted diligently to meet the scheduling order deadlines, and it therefore finds that Hernandez has failed to demonstrate good cause to modify the scheduling order.

*   *   *

Accordingly, the court denies Hernandez's December 17, 2021 opposed motion to extend all current scheduling order deadlines.

**SO ORDERED**.

February 17, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE