**U.S. LEGAL SUPPORT INC.**
**16825 NORTHCHASE DRIVE**
**SUITE 800**
**HOUSTON, TEXAS 77060**
**PHONE: 713-653-7150;  FAX: 281-673-6292**
**swproduction@uslegalsupport.com**

October 1, 2021

**Attn:** <u>**Medical Records**</u>

Rajiv R. Sinha, M.D.
637 East Hidalgo Avenue
Raymondville, TX 78580

**Records requested: Any and all Medical Record and Radiology Records including patient history forms, patient questionnaires, insurance claim forms, lab and radiology reports, emergency room records, psychiatric or counseling records, copies of prescription or pharmacy records, treatment records, physical therapy records, chiropractic records, occupational therapy records, records of telephone conversations, copies of messages, handwritten notes, test results, photographs, all correspondence to patient, all correspondence to and from treating facilities and caregivers, all correspondence to and from attorneys, referrals to or from other physicians and clinic notes and/or documents contained in your files pertaining to Lee Roy Hernandez; D.O.B. 02/03/1971; SSN: xxx-xx-4805**

Records pertaining to:   **Lee Roy Hernandez**
**DOB: 02/03/1971; SSN: xxx-xx-4805**

Dear Sir/Madam:

US Legal Support is a records retrieval service company that provides litigation support to the legal and insurance industry.  Our attorney/client has requested that we locate records specified in the enclosed legal documents, *within 14 days.*

Please provide all requested documentation and complete each document accurately and completely.  If the cost of providing the records exceeds $50.00, please contact us BEFORE copying.  Please check that all copies are legible, and that no information is omitted.  Texas law requires a physician/hospital/medical clinic to furnish a patient's records within 30 days after a request is received (Tex. Rev. Civ. Stat. Ann., Article 4495b, **§**5.08(k)). Enclosed is a **SUBPOENA WITH A DEPOSITION BY WRITTEN QUESTIONS AND/OR AFFIDAVIT.** Please assist us by:

1. Answering **ALL** questions.
2. **SIGN** the deposition by written questions and/or affidavit.
3. Have the signatures **NOTARIZED.**
4. Return all **ORIGINAL** completed documents with a legible copy of the records to:

**U.S. LEGAL SUPPORT, INC.**
**RECORDS DIVISION**
**16825 NORTHCHASE DRIVE, SUITE 800**
**HOUSTON, TEXAS 77060**

**IF AFTER A THOROUGH SEARCH YOU FIND NO RECORDS OF THIS PERSON, PLEASE MAKE THIS STATEMENT ON ALL DOCUMENTS, SIGN, AND HAVE THEM NOTARIZED.**

*****Please reference the following number when calling: <u>155638.008</u> ****

Thank you very much for your cooperation and assistance.

                                        Best regards,

                                        US Legal Support

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page3)Order No.: 155638.008

# United States District Court
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

Lee Roy Hernandez )
)
) Civil Action No: 3:21-CV-0108-D
vs. )
)
Groendyke Transport, Inc. )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO:  Custodian of Records for:  Rajiv R. Sinha, M.D.
637 East Hidalgo Avenue, Raymondville, TX 78580

__X__ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
Any and all Medical Record and Radiology Records including patient history forms, patient questionnaires, insurance claim forms, lab and radiology reports, emergency room records, psychiatric or counseling records, copies of prescription or pharmacy records, treatment records, physical therapy records, chiropractic records, occupational therapy records, records of telephone conversations, copies of messages, handwritten notes, test results, photographs, all correspondence to patient, all correspondence to and from treating facilities and caregivers, all correspondence to and from attorneys, referrals to or from other physicians and clinic notes and/or documents contained in your files pertaining to Lee Roy Hernandez; D.O.B. 02/03/1971; SSN: xxx-xx-4805

| PLACE: U.S. Legal Support Inc.<br>16825 Northchase Dr., Suite 800<br>Houston, TX 77060 | DATE AND TIME<br>10/18/2021 at 10:00 am |
|---|---|

_____ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/22/21

CLERK OF COURT

_____      OR      _____
(Signature of Clerk or Deputy Clerk)              (Attorney's signature)

The name, address, e-mail address, and telephone number of the attorney representing the **Defendant,** who issues or requests this subpoena, are:
Michael Shane O'Dell / Naman, Howell, Smith & Lee
1300 Summit Ave. Ste. 700, Fort Worth, TX 76102
Phone: 817-509-2025 / Fax: 817-509-2060 / sodell@namanhowell.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in the case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premi in a Civil Actionses (Page 2)   155638.008

Civil Action No. **3:21-CV-0108-D**

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this is subpoena for (*name of individual and title, if any*) _____ on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

Case 3:21-cv-00108-D   Document 68-2   Filed 04/20/22   Page 5 of 9   PageID 478

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civl Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g), (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.*  A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at ta place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply behond the geographical limits specified in Rule 45(c) here that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state wherial  for the district where compliance is required may, on motion, quires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information*.
These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may none the less order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **B)** *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

 **(g) Contempt.**
The court for the district where compliance is required-and also, after a motion is transferred, the issing court-may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. R. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Lee Roy Hernandez** | § § § |
| vs. | § § Civil Action No. 3:21-CV-0108-D |
| **Groendyke Transport, Inc.** | § § § |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff(s) by and through their attorney(s) of record: **Javier Villarreal (Law Offices of Javier Villarreal, P.L.L.C.) and Leslie Lockhart (Law Office of Javier Villarreal, PLLC).** To other party/parties by and through their attorney(s) of record:

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a Deposition by Written Questions will be taken of Custodian of Records at their address listed below:

**1 - T-P Rentals (Employment)**
    1201 SE County Road


, Crane, TX 79731


**2 - Premier Tank Truck Service (Employment)**
    133 Private Road 9915


, Karnes City, TX 78118


**3 - Union Environmental (Employment)**
    3050 County Road 192

, Kenedy, TX 78119


**4 - G&K Trucking, LLC (Employment)**
    705 Fidelity Street

, Houston, TX 77029


**5 - Deep Well Energy Services (Employment)**
    1065 Texan Trail

Order No.: 155638 (Lauren Clewis)

, Grapevine, TX 76051

6 - San Benito Medical Associates (Medical)
   721 W. Harrison Avenue, Harlingen, TX 78550

7 - Valley Day & Night Clinic (Medical)
   3302 Boca Chica Blvd., Brownsville, TX 78521

8 - Rajiv R. Sinha, M.D. (Medical)
   637 East Hidalgo Avenue, Raymondville, TX 78580

9 - Houston N. Gomez, NP (Medical)
   305 E. Expressway 83

, Mission, TX 78572

Before a Notary Public for:

U.S. Legal Support Inc.
16825 Northchase Dr., Suite 800
Houston, TX 77060
Phone: 713-653-7100;  Fax: 281-673-6292

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court.  Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to bring and produce for inspection and photocopying a true and correct copy of records described in the attached Written Questions, and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Michael Shane O'Dell
Naman, Howell, Smith & Lee
sodell@namanhowell.com
1300 Summit Ave. Ste. 700
Fort Worth, TX 76102
Phone: 817-509-2025  Fax: 817-509-2060
Attorney for Defendant(s): Groendyke Transport, Inc.
SBA # 24065835

_____
Michael Shane O'Dell

Order No.: 155638 (Lauren Clewis)

Page 7 of 9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by ___hand delivery; ___fax; ___certified mail, return receipt requested; ____ UPS.

Dated: 9/22/21

By Permission: _____
Michael Shane O'Dell

**Should you desire copies of the so obtained, contact our firm.**
713-653-7100

Order No.: 155638 (Lauren Clewis)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **Lee Roy Hernandez** § § § | |
| **vs.** § § | **Civil Action No. 3:21-CV-0108-D** |
| **Groendyke Transport, Inc.** § § § | |

## ATTORNEYS OF RECORD:

Javier Villarreal
Law Offices of Javier Villarreal, P.L.L.C.
2401 Wild Flower Drive
Suite A
Brownsville, TX  78526-2911
Phone: 956-544-4444    Fax: 956-550-0877
Attorney for Plaintiff(s): Lee Roy Hernandez


Leslie Lockhart
Law Office of Javier Villarreal, PLLC
2401 Wild Flower Drive, Suite A
Brownsville, TX  78526
Phone: 956-544-4444    Fax: 956-550-0877
Attorney for Plaintiff(s): Lee Roy Hernandez


Michael Shane O'Dell
Naman, Howell, Smith & Lee
1300 Summit Ave. Ste. 700
Fort Worth, TX  76102
Phone: 817-509-2025    Fax: 817-509-2060
Attorney for Defendant(s): Groendyke Transport, Inc.

Order No.: **155638**