IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE ROY HERNANDEZ, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:21-CV-0108-D |
| VS. § | |
| § | |
| GROENDYKE TRANSPORT, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a motor vehicle collision, defendant Groendyke Transport, Inc. ("Groendyke") moves to compel three nonparty witnesses to respond to its notices of intention to take depositions by written questions. Groendyke also seeks to recover its attorney's fees associated with the motions to compel. For at least the following reasons, the court denies the motions to compel and the requests for attorney's fees.[*]

I

In October 2021 Groendyke served notices of intention to take depositions by written questions on Dr. Rajiv R. Sinha, Union Environmental, and G&K Trucking, LLC. Each notice instructed the nonparty witnesses to answer the questions, sign the depositions by written questions and/or affidavits, have the signatures notarized, and return the documents

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

to a record retrieval company, U.S. Legal Support, Inc. Groendyke also issued subpoenas to the nonparty witnesses that required them to produce medical or employment records. Groendyke maintains that it has not received a response from any of the witnesses. Relying on Tex. R. Civ. P. 200.2 and 215, it moves to compel responses to these three notices of intention to take depositions by written questions.

II

The court denies the motions to compel for at least the following reasons.

First, Groendyke improperly relies on the Texas Rules of Civil Procedure rather than the Federal Rules of Civil Procedure. *See Yadav v. Frost Bank*, 2020 WL 914979, at *3 (W.D. Tex. Feb. 25, 2020) ("[T]he well-settled rule regarding procedure after removal is that once a state court action is removed, it is governed by federal, rather than state, procedure.").

Second, the instructions provided in the notices do not appear to comply with Fed. R. Civ. P. 31. This is so because the instructions that the witnesses should answer the deposition questions, sign the deposition questions, and have their signatures notarized do not comply with Rule 31's requirements that an officer take the deponent's testimony and prepare and certify the deposition. *See Crawford v. U.S. Dep't of Homeland Sec.*, 245 Fed. Appx. 369, 382 (5th Cir. 2007) (per curiam) ("Rule 31 of the Federal Rules of Civil Procedure clearly states that an officer is to take responses and prepare the record of depositions upon written questions."); *Dall. Buyers Club, LLC v. Doe-70.181.229.254*, 2016 WL 3854547, at *1 (S.D. Cal. July 15, 2016) ("[I]t is clear that depositions by written questions entail more than mailing questions to the deponents and awaiting their written

response." (internal quotation omitted)).

Third, a motion to compel, even if filed pursuant to the Federal Rules, is likely not the proper mechanism by which to require a nonparty witness to appear for a deposition. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 614 (N.D. Tex. 2018) (Horan, J.) ("Rule 37(a) does not authorize a motion to prospectively compel a non-party (or, for that matter, a party) to appear for a deposition . . . .").

### III

Because the court denies Groendyke's motions to compel, it also denies the requests for attorney's fees.

\* \* \*

Accordingly, the court denies Grondyke's three motions seeking to compel responses to the notices of deposition by written questions, and it denies Groendyke's requests for attorney's fees.

**SO ORDERED**.

June 8, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE